KEMERER, LAMB & CO. v. BLOOM ET AL.

1. **Chattel Mortgages:** QUESTION OF PRIORITY UNDER PECULIAR FACTS. M. held a first mortgage upon chattels, plaintiffs holding a second mortgage. M. sold the property under his mortgage, and it was bid off by W. at the request of the mortgagor, who told W. that he would furnish the money to pay for the property. He did not, however, furnish the money, but C. did, and the property was delivered to C. A few days thereafter the mortgagor paid C. the amount bid for the property, together with the amount of a debt which he owed him, whereupon the property was delivered to the mortgagor. The mortgagor borrowed the money to pay C., and to indemnify defendant as surety on the note given for the borrowed money, made to him a mortgage on the property. *Held* that the legal effect of the transaction was the same as if the mortgagor had borrowed the money and paid off the first mortgage without the intervention of a sale, and that it advanced plaintiffs' mortgage to a first lien, and that defendant's mortgage was inferior thereto.

WEDNESDAY, DECEMBER 10.

*Appeal from Buchanan Circuit Court.*

ACTION on a promissory note executed by defendants, John W. Bloom and W. T. Price, and to foreclose a chattel mortgage given by said Bloom to secure the same. It is alleged in the petition that defendant; Jacob Bloom, claims a lien on the mortgaged property, but that whatever interest he has therein is junior and inferior to plaintiff's mortgage thereon. The relief prayed by the petition as against Jacob Bloom is that plaintiffs' mortgage be decreed senior and superior to any claim or right of his in the property. There is also a prayer for general relief. Jacob Bloom alone answered. He admitted that he claimed an interest in said property, and he alleged that when the mortgage under which plaintiffs claim was executed, the property was covered by a mortgage given by said John W. Bloom to the McDonald Manufacturing Company, to secure a debt which he was owing said company; that afterwards this mortgage was foreclosed by notice and sale of the property, and that one R. Campbell was the

purchaser of the property at said foreclosure sale; that subsequently John W. Bloom purchased the property from Campbell, and after such purchase gave him a mortgage thereon to indemnify him against liability on a promissory note which he had signed as surety for said John W. Bloom; and he alleges that the lien created by this mortgage is superior to any interest of plaintiff therein. Plaintiffs, in their reply, admit that the property was covered by the McDonald mortgage when their mortgage was executed, but deny that Campbell was the purchaser of the property at the foreclosure sale, but allege that John W. Bloom was the real purchaser thereof; that he procured the money to make the purchase from Campbell, but that the latter never had title to the property. They also allege that the sale under the McDonald mortgage was made without any notice as required by statute, and that no notice was given them of said sale. The judgment of the circuit court was for the defendant. Plaintiffs appeal.

*Woodward & Cook*, for appellants.

*J. H. & R. J. Williamson*, for appellees.

REED, J.—At the sale under the McDonald mortgage, the property was bid in by one A. B. Worden, who attended the sale and bid on the property at the request of John W. Bloom. He was told by Bloom, when he requested him to attend the sale, that he (Bloom) would furnish the money to pay for the property. The money was not given to Worden, but after the sale the person who conducted it was informed that Campbell would pay the amount of the bid. He accordingly went to Campbell, and he paid him the money. The property was delivered to Campbell, but within a few days thereafter John W. Bloom paid him the amount of Worden's bid at the sale, together with the amount of a debt which he previously owed him, and the property was then delivered back to him. Bloom borrowed the money which he paid to Campbell in this

transaction at a bank, on the day of the transaction, and gave his note for the amount, with Jacob Bloom as security thereon, and, to indemnify him against this note, he gave Jacob the mortgage under which he now claims the property. These facts are all clearly proven, and they show clearly enough that there was some previous agreement or understanding between Campbell and John W. Bloom with reference to the advancement of the money and the purchase of the property at the foreclosure sale. But neither of the parties was examined on the trial, and the question as to the character of that understanding or agreement is left to be determined from the circumstances.

We think the most reasonable inference from all the circumstances is that the agreement was that the money was to be advanced by Campbell, and the property purchased at the sale for the benefit of John W. Bloom, and that Campbell was to have the possession of the property as security for the amount advanced and the debt then owing him by Bloom, but that the latter should have the right to use the property for the purpose of raising the money necessary to repay the amount advanced and satisfy the former debt. All the conduct and acts of the parties indicate that this was the nature of their agreement and understanding. The transaction, then, was not a purchase of the property at the mortgage sale by Campbell, but a loan by him to Bloom of the amount of money, and a pledge by the latter of the property as security for the amount of this debt. Campbell acquired no right or interest in the property under the foreclosure proceedings, but whatever right or interest he acquired in it was by virtue of the contract with Bloom, and the delivery of the property to him thereunder; and we need not inquire as to the character of the right so acquired, for, whatever its extent or character was, it terminated on the payment by Bloom of the debt secured by the pledge and the redelivery of the property to him. And the payment of the amount of Worden's bid, being made by Campbell merely as an advancement of that

amount of money to Bloom, operated simply as a payment by Bloom of his debt to the McDonald company, and consequently as a satisfaction of the mortgage given to secure that debt. The formality of offering the property for sale and bidding it in did not have the effect to vest Bloom with any new title or interest in it; but, after the form of sale had been gone through with, he had the same interest in the property which he would have had if he had paid the mortgage debt without any sale having been attempted. The senior mortgage having been satisfied without a foreclosure, and without divesting the mortgagor of his interest in the property, plaintiffs' mortgage remains a first lien upon it. And whatever interest was acquired by Jacob Bloom under his mortgage is junior to plaintiffs' mortgage. The judgment of the circuit court is therefore erroneous, and it is

REVERSED.